John E. Ralston, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board Of Review, Appellee, and Ohio Barge Line, Inc., Intervening Appellee.

Argued February 7, 1975, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Odel Parkinson,* for appellant.

*Sydney Reuben,* Assistant Attorney General, for appellee.

*Sharon Cassidy,* with her *Wayne L. Emery,* for intervening appellee.

OPINION BY JUDGE BLATT, April 18, 1975:

The claimant, John E. Ralston, was employed as a deckhand on a river boat operated by the Ohio Barge Line, Inc. (Employer). He was discharged when he failed to seek medical treatment in accordance with company rules on a day when he left work due to an alleged illness. The Unemployment Compensation Board of Review (Board) denied benefits on the grounds that his discharge resulted from willful misconduct under Section 402 (e) of the Unemployment Compensation Law.[1] This appeal followed.

Our scope of review of decisions of the Board is confined to questions of law and to a determination of whether the findings of the Board are supported by substantial evidence. *Warminster Fiberglass Co. v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth

---

1. Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended,* 43 P.S. §802 (e).

Ct. 385, 327 A.2d 219 (1974). Leaving work because of sickness is not, of course, willful misconduct. *Rosenhoover v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 455, 303 A.2d 578 (1973). On the other hand, however, failure to report an illness in the proper manner under company rules, particularly after receiving a warning to comply with those rules, does constitute willful misconduct justifying discharge and precluding recovery of benefits. *Ferko v. Unemployment Compensation Board of Review,* 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973). Here the claimant asserts that the Board lacked competent evidence to support the following findings of fact, which if supported, of course, would constitute sufficient grounds to deny benefits.

"5. When the claimant reported that he was leaving because of illness, the captain told him it would be best to report to a hospital or to a doctor for medical treatment.

"6. As a result of claimant's failure to seek medical treatment, his employment was terminated."

There is ample evidence to support these findings. The Employer's rules state that, in the event of illness, "Once off the vessel it is each employee's responsibility to seek medical attention as soon as possible." The Employer's personnel supervisor testified that he commanded the boat Captain to order the claimant to follow these rules. The claimant himself stated that the Captain "told me—advised me it would be best to go to the hospital when I got off, but he said if I did not do so that I should go to the hospital as soon as I got home." The record indicates, however, that the claimant did not seek medical attention at either time. Two mornings after leaving the boat for the alleged illness, he called the personnel supervisor, as he put it, "[j]ust to make sure that I still had a job. I knew that there was some questions." The claimant then showed willingness to seek medical attention. As far as the Employer was concerned, however, such belated action was too late and the claimant was discharged.

This is not merely a situation where an employer arbitrarily decided to demand strict compliance with the rules. Two other deckhands had quit the Employer's boat at the same time as the claimant's illness. The boat was then just completing a cargo journey from Pittsburgh to New Orleans and back, and, as a result of the shorthandedness occasioned by the loss of the claimant's services, the Employer was unable to send the boat back down stream to pick up additional cargo. Under these circumstances it was not unreasonable for the Employer to expect his employees to seek proper medical treatment when sick, and the claimant's failure to do so was both a deliberate violation of the Employer's rules and a disregarding of standards of behavior which the Employer had the right to expect of his employees. This is willful misconduct. We, therefore, issue the following

ORDER

AND, NOW this 18th day of April, 1975, the order of the Unemployment Compensation Board of Review is hereby affirmed and benefits are denied.