Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Juanito Rodriguez, Appellant.

Argued December 5, 1975, before Judges KRAMER, WILKINSON, JR. and ROGERS, sitting as a panel of three.

*Ernest E. Jones*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, January 9, 1976:

Appellant worked for four years prior to June 2, 1974, as a frozen food packer. On that date, he was scheduled to return to work from a two-week vacation

but, having a headache, did not report as scheduled. Appellant's only attempt to contact his employer that day was by a phone call; however, the line was busy.

The following day, June 3, 1974, appellant reported for work and was discharged for unauthorized absenteeism. On at least one occasion prior to that, appellant had been warned not to be absent without proper notification to his employer.

Appellant filed an application for unemployment compensation benefits which was denied by the Bureau of Employment Security. On appeal and after a hearing, the referee affirmed the denial on the basis of Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P. S. §802(e) (Law). The Unemployment Compensation Board of Review (Board) affirmed the referee's determination and it is from this decision that the instant appeal is taken.

Section 402(e) of the law provides:

"An employe shall be ineligible for compensation for any week—

"(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ."

The appellant attacks both the findings of fact and the conclusion of law relating to the determination of willful misconduct on his part. After a careful review of the record, we must conclude there is ample evidence to support a finding that appellant was warned about being absent without prior notification, and that he did not report to work as scheduled on June 2, 1974, nor did he contact his employer as to his reasons for being absent.

As to the appellant's second objection, the application of willful misconduct to the facts, again we must agree

with the Board. We have often defined willful misconduct as the wanton and willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has the right to expect of his employee, or negligence which manifests culpability, wrongful intent or evil design which shows an intentional and substantial disregard of the employer's interest or the employee's duties and obligations to the employer. *Bickling v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 619, 333 A.2d 519 (1975); *Warminster Fiberglass Co. v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 385, 327 A.2d 219 (1974); *MacFarlane v. Unemployment Compensation Board of Review,* 12 Pa. Commonwealth Ct. 550, 317 A.2d 324 (1974).

In *Ralston v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 378, 336 A.2d 654 (1975), the denial of unemployment compensation was upheld by this Court on the basis of willful misconduct where the employee did not follow his employer's reasonable rules concerning treatment for medical absences. In the instant case, we must come to the same conclusion.

As the Board noted, absenteeism by itself does not constitute willful misconduct. However, absenteeism joined by the failure to notify the employer and a prior warning against such conduct does constitute willful misconduct.

Accordingly, we enter the following

ORDER

Now, January 9, 1976, the order of the Unemployment Compensation Board of Review, dated February 18, 1975, affirming the referee and denying benefits to Juanito Rodiguez, is affirmed.