Harry R. Thompson *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania. Harry R. Thompson, Appellant.

592

Argued December 10, 1976, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*John M. Humphrey,* for appellant.

*David Bianco,* Assistant Attorney General, with him, *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, February 14, 1977:

The issue presented in this unemployment compensation case is whether Harry R. Thompson's notification to his employer on November 18, 1975 that he was not going to work because he had to get a replacement car was sufficient notice for his absence the following day. We find, when viewed in the light of all the facts pertinent to this case, that it was not and affirm the denial of benefits by the Unemployment Compensation Board of Review (Board), pursuant to Section 402(e) of the Unemployment Compensa-

tion Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).[1]

Thompson's employment with Grumman Allied (Grumman) had been tarnished by 10 days of absence during the period from August 12 to November 6, 1975. In fact, after an unexcused absence on August 22, Thompson had been warned that his job was in jeopardy.[2] Sometime over the weekend of November 14, Thompson's car became inoperable. On Monday, November 17, Thompson worked; however, the next day, November 18, he borrowed a car and went to Grumman to explain that he needed another car. After being excused, he left and next reported for work on Friday, November 21, the day he was discharged.

Before the referee, Grumman's representative testified that, although he excused Thompson's absence on November 18 so that he could look for a car, he expected him back the next day. Thompson testified that on November 19 and 20 he had been attempting to find a car or to prepare the car he found for inspection. Thompson further testified that he called Grumman on November 20, knowledge of which Grumman's representative denied.[3]

---

[1] Section 402(e) provides, in pertinent part:

An employe shall be ineligible for compensation for any week—

. . . .

(e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

[2] Robert Hickey, Production Manager for Grumman, testified that Thompson had been absent August 19, 20, and 21. On the evening of August 21, he, Hickey, had spoken with Thompson and had at that time been assured that Thompson would report for work the next day. The next day Thompson neither reported nor notified the employer of his impending absence.

[3] Because we will decide this case on the basis of Thompson's absence of November 19, which alone is sufficient to support a con-

Initially we note that, where there is sufficient evidence in the record to substantiate factual findings of the Board or the referee, such findings are binding on this Court. However, we must still determine the correctness of the Board's legal conclusions and final adjudication based on those facts. *Ferko v. Unemployment Compensation Board of Review*, 9 Pa. Commonwealth Ct. 597, 309 A.2d 72 (1973).

The Board's final adjudication incorporated the referee's decision which concluded that Thompson was guilty of willful misconduct by reason of his unexcused absences of November 19 and 20. We have often defined willful misconduct as the wanton and willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standards of behavior which the employer has a right to expect from his employee, or negligence which manifests culpability, wrongful intent, or evil design which shows an intentional and substantial disregard of the employer's interest or the employee's duties and obligations to the employer. *E.g., Collins v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 538, 360 A.2d 760 (1976). Whether an employee's conduct rises to the level of willful misconduct is a question of law and, therefore, subject to our review. *Id.*

Judge WILKINSON, speaking for this Court in *Unemployment Compensation Board of Review v. Rodriguez*, 22 Pa. Commonwealth Ct. 586, 589, 349 A.2d 915, 917 (1976), noted that, while absenteeism by itself does not constitute willful misconduct, absenteeism joined by the failure to notify the employer and a prior warning against such conduct does constitute willful misconduct. In *Rodriguez*, we denied ben-

---

clusion of willful misconduct, we need not deal with the conflict concerning November 20.

efits to an employee who did not report to work after his vacation because of a headache. Company policy required notification, and the employee had previously been warned not to be absent without properly notifying the employer. On the day in question, the employee telephoned the employer to give notice of his headache, but the line was busy and the employer was not notified.

In the instant case, the facts of absenteeism and of prior warning are not contested. The question we must decide is whether there was sufficient notice to Grumman.[4] The testimony of Grumman's representative does not clearly define what is required of employees who report absences, but a minimal requirement appears to be notification. Thompson admits not calling Grumman on November 19, but he contends that his notification of November 18 was legally sufficient notice for November 19 as well. Considering Thompson's prior record as a whole, his unexcused absence on August 22 in particular, and the lack of any testimony by Thompson that he indicated either expressly or implicitly that more than one day would be necessary to locate another car, we hold that Thompson's November 18 notice was not sufficient notice of his absence the next day. That Grumman was not given sufficient notice is most evident from the representative's testimony that he expected Thompson back the next day.

Thompson's reliance on *Flynn Unemployment Compensation Case*, 174 Pa. Superior Ct. 71, 98 A.2d 490

---

[4] The question of whether notice was given at all is one of fact, while the sufficiency of that notice is one of law. *Unemployment Compensation Board of Review v. Blouse*, 23 Pa. Commonwealth Ct. 66, 350 A.2d 220 (1976). The referee made no specific findings concerning notice, although he did label Thompson's absences of November 19 and 20 "unexcused."

(1953), is misplaced. In that case, the Superior Court held an employee who failed to give notice that she would be absent from work on the second day of an illness, after having given notice the prior day, not guilty of willful misconduct. However, the claimant in that case had not received prior warnings, nor had prior unjustified absences tarnished her record. These facts, coupled with her history of illness, created a situation in which the claimant's failure to call the employer on the second day of her illness did not rise to the level of deliberate disregard of standards her employer had rightfully come to expect. By comparison, the present case contains more of the features of willful misconduct by reason of absenteeism: repeated absence from work, occasionally without reason; prior warnings; and a failure to comply with the standard suggested by these warnings, *viz.*, a failure to give the notice required by the employer.

We consider *Flynn, supra,* to be distinguishable and therefore not dispositive of the case at bar. Accordingly, we hold that Thompson was guilty of willful misconduct and thus ineligible for unemployment compensation benefits.

### ORDER

AND Now, this 14th day of February, 1977, the order of the Unemployment Compensation Board of Review denying benefits to Harry R. Thompson is hereby affirmed.