Gail C. Rose, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 10, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Jeffrey B. Matzkin,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, July 21, 1977 :

Gail C. Rose has appealed from a decision of the Unemployment Compensation Board of Review affirming the decision of a referee that she was ineligible for compensation because her unemployment was the result of her discharge from work for her willful misconduct. Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., (1937) P.L. 2897, *as amended,* 43 P.S. §802(e).

Although presented in her brief as three questions, the petitioner's contention is that the record does not support the finding that she was guilty of misconduct. The petitioner's employer discharged her for excessive absenteeism. The employer's representative who discharged the petitioner testified that between May 20, 1975 and the date of discharge on July 28, 1975, the petitioner had missed 128 hours of work. In March 1975 and again in May 1975 she had been suspended for absenteeism. The immediate occasion for the petitioner's discharge was her failure to report as scheduled for a shift beginning at 11:00 o'clock P.M.

The petitioner testified that she became ill before she was to report; that although she knew that her employer's rule required notice of a necessary absence to be given four hours before a shift, she did not notify the employer that she would miss the 11:00 P.M. shift until about 3:00 A.M. In *Pettey v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974), we described five circumstances suggesting misconduct in absence from employment: excessive absences, failure to notify the employer in advance of an absence, lack of good cause for an absence, failing to observe the employer's rule concerning absences and disregard of warnings of excessive absences. The petitioner had been often absent; she had been warned; and she failed to observe the company's rule regarding notice on the occasion of her last absence.

The order of the Unemployment Compensation Board of Review is affirmed.

ORDER

AND Now, this 21st day of July, 1977, the decision of the Unemployment Compensation Board of Review is affirmed.