Anthony Chiango, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1977, before Judges CRUM-LISH, JR., MENCER and BLATT, sitting as a panel of three.

*David Kraut*, with him *Mark B. Segal*, for petitioner.

*Charles G. Hasson*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for respondent.

OPINION BY JUDGE MENCER, February 22, 1978:

Anthony Chiango (claimant) has taken this appeal from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e) (willful misconduct connected with his work). We affirm.

Prior to May 16, 1975, claimant was employed by United Parcel Service (UPS). UPS had a rule,

known to the claimant, requiring an employee who was going to be absent to call in prior to his starting time. Claimant normally began work at 8:30 a.m. On May 13, he was absent and the Board found that he called in around noon. Claimant was absent on May 14 but reported off on time. On May 15, he was again absent and the Board found that he did not call in until 11:15 a.m.

Due to a mechanical failure of the recording device, the transcript of the first hearing before a referee was incomplete and only contained claimant's testimony. When the Board remanded the case to another referee for completion of the record, both sides appeared and presented testimony. UPS's evidence indicated that claimant had some history of tardiness or absenteeism, that he was aware of the rule on reporting absences prior to starting time, that he called in late on May 13, that he was specifically warned on May 13 about calling in late, that he called in late again on May 15, and that he was discharged for violation of this rule.

Claimant's testimony at the second hearing indicated that he called in at around 8:30 a.m. on May 13 and told an unidentified woman to tell his supervisor, who was out of the office at the time, of his absence that day,[1] that he talked with his supervisor on May 14 at 8:30 a.m. and told him he would be out for the

---

[1] In contrast to this, however, is claimant's own testimony at the *first* hearing, where he stated:

I called in, like, late in the morning [on May 13].

. . . .

It must have been, like, almost noon. I was . . . you know, I just didn't, I didn't wake up until then because I was awake the whole night before, and I guess I finally fell asleep around 7 in the morning.

. . . .

. . . I called in late.

rest of the week, and that he called in twice on May 15 but only to talk about a leave of absence.

The Board resolved the conflict in testimony in favor of UPS[2] and denied benefits.[3] Claimant then appealed to this Court.

If the Board had found the facts to be as claimant testified at the second hearing, we would consider this case in light of *Unemployment Compensation Board of Review v. Bacon*, 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976), as claimant has argued. However, in a case such as this where there is conflicting testimony, it is the function of the Board as the ultimate fact-finder to resolve the conflict. *Simpson v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 245, 370 A.2d 432 (1977). Since the Board's resolution of the conflict here is supported by UPS's evidence, *see Roebuck v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 491, 382 A.2d 482 (1978), the findings of fact are binding on us.

We have recently held that, where an employer has rules concerning the reporting of absences and the claimant has been warned about complying with the rules, his failure to report an absence in the proper manner may amount to willful misconduct. *Roebuck, supra. See also Rose v. Unemployment Compensation*

---

[2] In light of claimant's own inconsistent statements regarding his behavior on May 13, *see* note 1, *supra*, the Board's resolution of this conflict in favor of UPS is not surprising.

[3] The Board's decision also indicated that claimant failed to present medical documentation of his absences after being requested to do so. The question of whether a claimant has been guilty of willful misconduct is one of law. *Curtis v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977). Since we hold that the findings concerning the untimely reporting of absences support the conclusion of willful misconduct, we need not address the issue of failure to present medical documentation.

*Board of Review*, 31 Pa. Commonwealth Ct. 210, 375 A.2d 893 (1977); *Unemployment Compensation Board of Review v. Rodriguez*, 22 Pa. Commonwealth Ct. 586, 349 A.2d 915 (1976); *Ralston v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 378, 336 A.2d 654 (1975). This case falls squarely within that principle. Claimant knew of the rule on reporting absences, and this rule was specifically brought to his attention on May 13. Since he failed again to timely report his absence on May 15, the Board's finding of willful misconduct will not be disturbed by us on appeal.

### ORDER

AND Now, this 22nd day of February, 1978, the order of the Unemployment Compensation Board of Review, dated September 29, 1976, denying benefits to Anthony Chiango, is hereby affirmed.