Richard L. Beaverson, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Weis Markets, Respondents.

Argued February 3, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*William B. Anstine, Jr.,* with him *Anstine & Anstine,* for petitioner.

*David B. Disney*, with him *McNees, Wallace & Nurick*, for respondent, Weis Markets.

OPINION BY JUDGE WILKINSON, JR., March 2, 1978:

This is an appeal from a denial of unemployment compensation benefits on the basis of willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Special Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (e). We affirm.

Appellant was employed by appellee-employer for approximately four and a half years. In early 1975, he missed work on five occasions, on none of which did he report his absence prior to the starting time of his work shift, as is required by the regulations of appellee-employer regarding unavoidable absences. On April 7, 1975, following an absence without notice, appellant's superior, a store manager, warned him orally that dismissal would follow another such absence. Appellant properly reported an absence caused by illness later that month, but, on June 20, 1975, he missed work and did not report his absence until the next day, when he notified another superior that he was under a doctor's care for a swollen knee and would not be able to work until June 23, 1975. The manager then called appellant and told him to report an hour later than usual on June 23. Appellant reported as ordered on June 23 and was dismissed by the manager for (as noted by a representative of appellee-employer on the notice of separation form of the Bureau of Employment Security) "too many unexcused absences."

At the referee's hearing, however, the manager testified that the prior absences (which appellant testified were all caused by illnesses) had not been the reason for appellant's termination; rather, the reason was the absence without notice on June 20, 1975. Ap-

pellant testified that he had been confined to bed because of his bad knee that day and, unable to use the telephone, had asked his mother to report his absence but she had forgotten to do so. The manager admitted that he had not made an effort to learn whether appellant had a medical excuse for the absence beginning June 20, 1975, but he added that appellant had also not presented one. The referee found that, after previous warnings, appellant had missed work on June 20, 1975 without notice or reasons given to the employer, had failed to report to work as ordered on June 23, 1975, and was therefore guilty of willful misconduct. Affirmance by appellee Unemployment Compensation Board of Review (Board) followed.

We have long held that, while absenteeism because of illness or injury is not generally willful misconduct, "failure to report an illness in the proper manner under company rules, particularly after receiving a warning to comply with those rules, does constitute willful misconduct justifying discharge and precluding recovery of benefits." *Ralston v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 378, 380, 336 A.2d 654, 655 (1975). Here, although appellant apparently made some effort to have the employer notified on June 20, 1975, no notification was actually made until a day later, a violation of appellee-employer's regulations. In view of the previous warning which appellant admitted receiving, we cannot say the Board erred in its decision. Nor can we reverse because the referee found that appellant had received "prior warnings" (instead of only one), and failed to return to work on June 23, 1975, findings that are not substantiated by the record. Such inaccuracies are insufficient grounds for reversal of a finding of willful misconduct "when the inaccuracy has no effect upon the application of the relevant legal principles and the ultimate resolution of the case."

*Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 198, 370 A.2d 415, 416-17 (1977).

Accordingly, we will enter the following

ORDER

Now, March 2, 1978, the order of the Unemployment Compensation Board of Review, No. B-136119, dated October 27, 1976, is hereby affirmed.