Steven J. Patrick, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 8, 1978, before Judges CRUMLISH, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Richard E. Gordon,* for appellant.

*Michael Klein,* Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE MACPHAIL, March 14, 1979:

This is an appeal by Steven J. Patrick (claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits on the basis of willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law) Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). Claimant also appeals the Board's determination that a "fault overpayment" had been made and that recoupment pursuant to Section 804(a) of the Law, 43 P.S. §874(a), was appropriate.

Claimant was employed by the Charles Bluestone Company (employer) as a laborer for approximately ten years. He had been discharged on several previous occasions for excessive absenteeism and drinking. Each time, he was reemployed. As a result of his frequent absences, he was required to submit medical certification when absent due to illness. Approximately two weeks before October 15, 1976, claimant had been warned regarding his absenteeism, his long conver-

sations with coworkers and customers, and his general conduct which interfered with work schedules.[1] On Friday, October 15, 1976, claimant left work early because of pain in his arm. His supervisor directed him to bring a doctor's certificate when he returned to work. Claimant was not scheduled to return to work until Monday, October 25, because of his vacation schedule. During his vacation, while visiting his employer's office, he was told again that he could not return to work without a doctor's certificate. At this time, claimant indicated he already had the certificate. On October 25, claimant reported for work without the certificate and was therefore instructed to leave and not return without it. Thereafter, claimant remained absent until October 27, when he returned to work with the certificate. On October 28, claimant was discharged.

Claimant disputes the findings of fact regarding his failure to return to work on October 25 with the required medical certificate. It is well settled that the Board's findings of fact, if supported by substantial evidence, are conclusive on appeal. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 355, 378 A.2d 829, 831 (1977). The testimony of two of the employer's representatives supports the challenged findings and therefore they are conclusive.

Claimant also argues that the findings of fact do not, as a matter of law, constitute willful misconduct. We disagree. We have often held that, while absenteeism due to an injury or illness will generally not

---

[1] Claimant argues that the only evidence regarding his absenteeism, long conversations, and other conduct which interrupted work schedules was hearsay evidence. However, claimant's supervisor testified that claimant, in his presence, admitted this conduct when warned about it. Therefore, there was nonhearsay evidence, *i.e.*, an admission, to support findings on this issue.

constitute willful misconduct, a failure to comply with the employer's rules regarding absences, particularly after receiving a warning, does constitute willful misconduct. *See, e.g., Beaverson v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 125, 382 A.2d 1277 (1978). Claimant failed to report for work with the required medical certificate, after his absence on October 15. He was warned of the consequences. After he was sent home and instructed again not to return without the certificate, he remained absent without explanation for two more days. In view of claimant's history of absenteeism, claimant was properly charged with willful misconduct. *See Beaverson v. Unemployment Compensation Board of Review, supra; Roebuck v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 491, 382 A.2d 482 (1978); *Gallagher v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977); *Ralston v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 378, 336 A.2d 654 (1975).

Claimant's final argument is that the finding of a "fault overpayment" under Section 804(a) of the Law was in error because there was no evidence to support a finding of fault on his part. The word "fault" within Section 804(a) connotes an act to which blame, censure, impropriety, shortcoming, or culpability attaches. *Beres v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 457, 393 A.2d 1073 (1978). Claimant indicated on his application for benefits that he was laid off due to a "lack of work." Claimant argues that his response on the application was based upon a reasonable interpretation of his employer's letter discharging him and that he committed no blameworthy act. The letter, however, indicates that claimant was discharged because of his failure to

correct his behavior at work.[2] Therefore, the record supports the finding that claimant misrepresented the reason for his unemployment, and such misrepresentation has been held to constitute "fault." *Beres v. Unemployment Compensation Board of Review, supra; Stormer v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 220, 378 A.2d 1037 (1977).

## ORDER

AND Now, this 14th day of March, 1979, the order of the Unemployment Compensation Board of Review, dated June 6, 1977, denying benefits to Steven J. Patrick and directing the recoupment of a fault overpayment in accordance with Section 804(a) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §874, is affirmed.

---

[2] The employer's letter of discharge provided in pertinent part as follows:

This is to inform you that until further notice, your employment with our company is terminated.

We take this action because of your continuing failure to correct the deficiencies that have been repeatedly brought to your attention.