Dennis Braxton, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 8, 1979, before Judges WILKINSON, JR., MENCER and CRAIG, sitting as a panel of three.

*Jeffery W. Whitt,* for petitioner.

*John Kupchinsky,* Assistant Attorney General, with him *Susan Shinkman,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, April 25, 1979:

Dennis Braxton (claimant) appeals the denial of unemployment compensation benefits by the Unemployment Compensation Board of Review (Board) on the ground of willful misconduct, pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Claimant was employed as a welder by the Sun Shipbuilding and Dry Dock Company (Company). He was discharged in accordance with the labor-management agreement after receiving three pink slips regarding disciplinary action.[1] The third slip was is-

---

[1] The company policy regarding pink slips is as follows: The first slip remains active for four months. If a second is received during that four months, both slips remain active for eight months from the date of receipt of the second. If a third is received during that eight months, a discharge is automatic. Claimant's first slip was received on Decmber 4, 1976, his second on December 28, 1976, and his third on March 23, 1977.

sued because claimant had accumulated eight unexcused absences for the first quarter of the year. This resulted in part from the company's rejection of claimant's medical certificate submitted upon returning to work after a two-day absence. Company policy allowed six unexcused absences each quarter. The medical certificate was rejected because it contained no diagnosis of claimant's illness, as required by company policy. Information regarding the required contents of a medical certificate was displayed on all union bulletin boards in the shipyard. Without a proper medical certificate, an absence due to illness could not be excused under company rules. There is no evidence in the record that claimant was unfamiliar with these requirements. Claimant's other two pink slips were for excessive unexcused absences and for failure to report to an assignment.

Claimant challenges the Board's conclusion that his absence and subsequent failure to submit a medical certificate containing the required information to excuse the absence constituted willful misconduct.

This Court has often held that a failure to report an absence caused by illness in the manner prescribed by established company policy is willful misconduct. *See, e.g., Gallagher v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977).

Claimant argues that his medical certificate was deficient only because of a technical omission of the diagnosis, an omission made by the physician and not claimant himself, and that there was no conscious or deliberate wrongdoing on his part such as would constitute willful misconduct.

The company policy, however, was clear, had been an established procedure for about ten years, and had been made known to all employees. Claimant does not contend that he was unaware of the requirements

or that they were unreasonable. The company representative testified that the rigid absentee policy was necessary in light of a substantial absenteeism problem. Therefore, it was claimant's responsibility to obtain proper certification in order to have his absence excused. Claimant may not rely solely upon the physician to provide a certificate which meets company standards. There is no suggestion that he was unable to submit proper certification. While we agree that a failure to include a diagnosis on the medical certificate, by itself, might not rise to the level of willful misconduct, *see Williams v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 641, 380 A.2d 932 (1977), this deficiency, when viewed against claimant's prior record of unexcused absences and the company's reason for rigid absentee standards, convinces us that claimant's conduct demonstrated a disregard of standards which the company had a right to expect. *Cf. Beaverson v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 125, 382 A.2d 1277 (1978) (notice of absence due to illness, not given until a second day of absence, contrary to company rules, was held to be willful misconduct where claimant had record of absenteeism and prior warnings); *Gallagher v. Unemployment Compensation Board of Review, supra* (absence without notice on day following a medically excused weeklong absence was held to be willful misconduct where claimant had record of absenteeism and prior warnings).

Claimant also argues that he was not warned of the consequences of failing to submit a properly completed certificate. While not specifically warned, claimant was aware of his other pink slips and the need to avoid a third. Further, he was aware of the company policy regarding the requirement of a certificate with certain information in order for an ab-

sence to be excused. We do not believe a specific warning is a prerequisite to a finding of willful misconduct where company rules have not been followed. *Cf. Pollard v. Unemployment Compensation Board of Review*, 33 Pa. Commonwealth Ct. 645, 382 A.2d 791 (1978) (prior warning was held not to be a prerequisite to discharge for willful misconduct when employee was absent without notice in violation of employer's rules).

Finally, claimant's reliance on *Unemployment Compensation Board of Review v. Bacon*, 25 Pa. Commonwealth Ct. 583, 361 A.2d 505 (1976), is misplaced. *Bacon* is distinguishable in that the employer's absentee policy did not indicate when or how notice of absences was to be given and the claimant did not have a record of prior absences.

Therefore, we enter the following

ORDER

AND Now, this 25th day of April, 1979, the order of the Unemployment Compensation Board of Review, dated September 9, 1977, denying benefits to Dennis Braxton, is affirmed.