William Wirfel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Regis A. Wirfel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 10, 1979, before Judges CRUMLISH. JR., MENCER and CRAIG, sitting as a panel of three.

*Patrick A. Gleason*, with him *Gleason, DiFrancesco, Shahade & Markovitz,* for appellants.

*Charles G. Hasson*, Assistant Attorney General, with him *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., October 4, 1979:

In this unemployment compensation case, every compensation authority denied benefits to Regis A. Wirfel and his son, William, in separate decisions because their discharges were based on willful misconduct, Section 402(e) of the Unemployment Compensation Law.[1]

We reverse the Unemployment Compensation Board of Review in both cases.

In the interest of judicial economy and because both claims arise from factually similar circumstances, they were consolidated for argument.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

First, as to Regis's appeal: Regis, after 30½ years' service, was dismissed on September 14, 1976. The referee found, and the Board affirmed, that Regis refused to report for work as scheduled on Sunday night, September 12, 1976, and, when he reported for the following day shift, he was sent home. When he went to his employer's home to discuss the incident, he found the employer sleeping and Regis had words with the employer's wife. This resulted in Regis's discharge.

In an unemployment compensation case, review by this Court is limited to questions of law and, in the absence of fraud, to a determination of whether the Board's findings are supported by competent evidence. Furthermore, the question of an employee's willful misconduct is one of law and also reviewable. *Gardner v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 548, 372 A.2d 38 (1977). The employer has the burden of proving that the claimant has deliberately violated its rules or has disregarded the standards of behavior which an employer has the right to expect of its employee. Short of this proof, a claimant prevails. *Unemployment Compensation Board of Review v. Dravage,* 23 Pa. Commonwealth Ct. 636, 353 A.2d 88 (1976).

The referee made the following pertinent finding of fact which the Board affirmed:

2. The claimant refused to work on Sunday night, September 12, 1976 as scheduled.

There is nothing in the transcript to support this finding. The record discloses there was a hiatus of four months between Regis's refusal to work and the date of his discharge.[2] The underlying cause of the dis-

_____

[2] The record reveals that the actual date Regis refused to work a Sunday night shift occurred on May 17, 1976. Having determined that the referee's finding of fact no. 2 is not supported by substantial evidence, we need not decide whether an absence four months

charge stems, it appears, from a growing personal animosity between Regis and the owner/proprietor of the business. Notwithstanding his long period of service, persistent complaints about the miscalculation of pay for a single day cooled the relationship and the employer said, "I just absolutely got where my gut filled up. I couldn't stand anything that he did. Everything that he did contradicted my job."

Although we do not countenance Regis's demeanor towards employer and his wife, we cannot, on the other hand, agree that Regis has evidenced a *serious disregard* of his responsibilities to his employer. Regis's dispute over the amount of his paycheck was *de minimis* and fails to meet the willful misconduct test, especially since his contention was meritorious. Before an employee can engage in willful misconduct thus precluding his recovery of unemployment compensation, he must demonstrate serious disregard of his responsibilities to his employer in a manner detrimental to his employer's interests. *Gladkowski v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 108, 384 A.2d 1365 (1978).

Now focusing on William's claim, we find the events leading up to his discharge followed closely in the path of Regis's discharge. Here, the referee found that William was so incensed by his father's dismissal that he purposely caused unrest and agitation among his fellow-workers. As a consequence of his actions and his failure to heed employer's warnings, he was given a ten-day suspension which was later converted to a discharge.

The record reveals that William had spoken to co-workers about forming a union on the day of his father's dismissal and had spoken to a co-worker about

---

prior to date of ultimate dismissal is sufficiently serious so as to constitute willful misconduct.

a "boycott" of employer's business. When word of this spread to employer, William testified that he was called into the office and told by employer that if he so desired, he could begin to look for other employment or he could remain on the job if he wished. William elected to remain on the job.

A week and a half later, William received the ten-day suspension for enticing employees to "boycott" employer's business. The same day he returned from his suspension, he was fired for events which transpired during the suspension period. William had driven his parents to employer's residence where *they* had a verbal confrontation with employer and his wife. While employer has leveled charges of "harassment" against the parents, William's only complicity appears to be the transportation of his parents to the residence. We conclude from this that employer has failed to sustain the burden of establishing willful misconduct. Again, in reviewing the record, we must conclude that the reason for William's discharge was the personal animosity existing between his father and employer coupled with the resentment of his father's discharge. This Court has held in *Luketic v. Unemployment Compensation Board of Review*, 35 Pa. Commonwealth Ct. 361, 386 A.2d 1045 (1978), that an employee's poor attitude in itself is insufficient to justify a conclusion of willful misconduct and must be coupled with some specific conduct adverse to his employer's interest; or result in some identifiable detriment to the employer before it will disqualify an employee from receiving unemployment compensation benefits.

Accordingly, we

### Order

And Now, this 4th day of October, 1979, the orders of the Unemployment Compensation Board of Review at No. B-143871-B dated August 12, 1977, denying

benefits to Regis A. Wirfel, and No. B-143870-B dated August 12, 1977, denying benefits to William Wirfel, are hereby reversed and the record is remanded to the Board for proper calculations and award of benefits.