Rogers Lincoln, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

644

*Harvey S. Miller,* of *Shertzer and Gray,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Edward G. Biester , Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 11, 1980:

Rogers Lincoln appeals from an order of the Unemployment Compensation Board of Review affirming a referee's decision that denied Lincoln unemployment compensation benefits pursuant to Section 402 (e) of the Unemployment Compensation Law, 43 P.S. §802(e).[1] We affirm.

Lincoln worked as an equipment operator for Nomad-Layton (employer) until May 15, 1978. On May 12, 1978, the employer notified all employees that the next day, Saturday, would be a regularly scheduled work day. The employer specified that an employee lacking a valid reason for not working would receive a discharge. The employer also told its employees to report to a supervisor if they could not work

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

that day. Lincoln did not report to work on Saturday, nor did he report to his supervisor to explain why he missed work. He testified that he did not report to work because he had an appraiser come to his house that day to evaluate his personal property in connection with divorce proceedings. The employer discharged Lincoln for his absence and for his failure to report his absence in the prescribed manner. The referee held that Lincoln's actions amounted to willful misconduct. The Board affirmed.

Where an employer has rules concerning the reporting of absences and the claimant has been warned about complying with those rules, the failure to report an absence in the proper manner may amount to willful misconduct. *Chiango v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 610, 382 A.2d 789 (1978). Of course, if an employee's deviation from his employer's instructions was reasonable or justified under the circumstances, then the deviation will not constitute willful misconduct. *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978); *Curtis v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 462, 379 A.2d 1069 (1977).

The record in the instant case clearly supports the Board's finding that Lincoln received notice to report to work on that Saturday and to report to a supervisor if he had a valid reason for not working. The record also shows that Lincoln did not follow the employer's instructions to report to work or to report his reason for not working to his supervisor. Before the referee, the claimant offered no excuse or justification for his failure to report his absence in the manner prescribed by the employer. Lincoln had the burden of demonstrating "good cause" for his noncompliance with his employer's instructions. *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Com-

monwealth Ct. 503, 395 A.2d 708 (1979). He failed to satisfy that burden.

Accordingly, we affirm the Board's order denying benefits.

### ORDER

AND Now, the 11th day of September, 1980, the order of the Unemployment Compensation Board of Review in Decision No. B-169709, denying benefits to Rogers Lincoln, is affirmed.