Kenneth L. Dixon, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and J. Miller Express, Inc., Respondents.

Argued September 8, 1980, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*John Stember,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Allan Fluke, Richard Wagner,* Chief

Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondents.

OPINION BY JUDGE ROGERS, September 29, 1980:

Kenneth L. Dixon appeals from an order of the Unemployment Compensation Board of Review (Board) affirming, as modified, the order of the referee denying him unemployment compensation benefits on the ground of willful misconduct. Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Sec. Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

Mr. Dixon began work as a tractor-trailer driver for J. Miller Express, Inc. on September 12, 1977. On that day he received, signed and admittedly read the employer's rules and its conditions of employment of drivers. One of the conditions required that drivers call in every day between eight and nine o'clock A.M. Mr. Dixon was also given a card on which several phone numbers were printed to be used when calling to report proposed absences from work. Mr. Dixon's last day of work was September 23. He did not work or report off on Saturday, September 24. Mr. Dixon testified that he did not come in on Saturdays unless he first received a call from his employer and that he got no call on September 24. However, the employer's business records admitted into evidence recorded that Mr. Dixon was an unexcused absentee on that day.

Mr. Dixon was also absent from work on September 26 and 27. He testified that the reason for the absence was his attendance at his wife's grandmother's funeral and that he tried to notify his employer twice on September 26 but received a busy signal on the telephone both times. He further testified that his wife placed a call at about 2:30 P.M. on the 26th but also received a busy signal. No one tried to notify the employer on September 27. When Mr. Dixon called his employer

on September 28 he was told that he was considered a "voluntary quit" under the employer's regulations.

On September 30, 1977 Mr. Dixon applied for unemployment compensation benefits and was found ineligible under Section 402(b)(1), 43 P.S. §802(b)(1), for voluntarily leaving work without cause. On appeal a referee affirmed the Bureau's determination. On further appeal the Board of Review, believing that the matter was not one for application of the voluntary quit provision, remanded for a hearing concerning whether Mr. Dixon had been guilty of willful misconduct. The referee after a hearing at which the employer adduced no additional evidence but Mr. Dixon testified denied benefits for willful misconduct. The Board of Review affirmed.

The only factual point on which Mr. Dixon and his employer disagree is that of whether the failure to report in on Saturday, September 24, was an unexcused absence. The referee and the Board resolved this by accepting the employer's business records showing an unreported absence on the 24th and rejecting Mr. Dixon's explanation that he worked on Saturday only when summoned.

With respect to his unreported absences on September 26 and 27, Mr. Dixon contends that his failure to comply with the reporting requirement was reasonable because he was preoccupied with preparing to attend his wife's grandmother's funeral and that in any event he reasonably complied with the requirement by calling his employer on the telephone but finding the line busy. We agree with the Board of Review that neither the fact of the wife's grandmother's death nor the claimant's activities in preparation to attend it provided an excuse for failing actually to report a proposed absence. We have directly held that the fact that employer's telephone line is busy when called does not constitute a reasonable excuse for not reporting

an absence. *Unemployment Compensation Board of Review v. Rodriquez,* 22 Pa. Commonwealth Ct. 586, 349 A.2d 915 (1976).

Mr. Dixon's reliance on *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976) is misplaced. There a worker gave his employer ample prior notice of an intended absence to attend to his duty as a judge of elections on election day, only to be told at the last moment that he must report to work, was held to have shown good cause for his absence from work despite the employer's direction to the contrary. The circumstances of this case are not compensable. We are concerned here, not with the propriety of Mr. Dixon's failure to work but his failure to notify his employer of his intentions not to work.

ORDER

AND Now, this 29th day of September, 1980, the order of the Unemployment Compensation Board of Review is affirmed.