Paul Danny Lytle, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

78

Argued March 3, 1978, before President Judge Bowman and Judges Rogers and DiSalle, sitting as a panel of three.

*Karen L. Kruskal,* with her *Warren R. Baldys,* for appellant.

*William J. Kennedy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

Opinion by President Judge Bowman, June 13, 1978:

Paul D. Lytle (Claimant) appeals a determination of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits.

The findings of fact leading to the Board's disqualification of Claimant's application for unemployment compensation benefits are as follows:

1. The claimant was last employed by Williamsport Steel Rule Die Service for eight and one-half months as a laborer at $3.15 per hour. The claimant's last day of work was October 1, 1976.

2. On October 1, 1976 the claimant was suspended indefinitely until he secured a Pennsylvania driver's license.

3. The claimant had previously agreed to obtain a valid driver's license but changed his mind for personal reasons.

The foregoing Findings of Fact made by the Referee are supported by the evidence and are adopted by the Board of Review. In addition, the Board finds as follows:

4. The claimant was warned one week prior to his last day of work that unless he secured a Pennsylvania driver's license within a week, he would be suspended until he secured such a license.

5. The claimant has had driver's licenses in three other states and no physical or mental impairment prevented him from getting a driver's license; he merely felt that it was too great an inconvenience.

Based upon these findings, the Board concluded that Claimant was ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Because the record made below is deficient with respect to an issue crucial to the Board's conclusion of willful misconduct, we must remand this case to the Board.

Section 402(e) of the Law states, in part, as follows:

> An employe shall be ineligible for compensation for any week—
>
> . . . .
>
> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . .

Though not statutorily defined, willful misconduct as that term is used in Section 402(e) of the Law, has been judicially defined to encompass the wanton and willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard of expected standards of behavior, or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's interest or the employee's duties or obligations to the employer. *Serban v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 147, 370 A.2d 755 (1977). Moreover, we have stated that:

> [t]his definition indicates that before the actions of an employe can constitute willful misconduct, the employe must display a serious disregard of his responsibilities to his employer, in a manner that is in some real sense detrimental to his employer's interests.

*O'Keefe v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 151, 154, 333 A.2d 815, 818 (1975).

Our review of the Board's determination fails to reveal any finding on the crucial issue of the connection between Employer's desire that Claimant obtain a Pennsylvania driver's license and the job-related need for that license, if any. Significantly, our careful scrutiny of the record reveals that it is devoid of any testimony as to Claimant's actual job duties. In

fact, the only questioning relevant to Claimant's position is as follows:

Referee to Claimant:

Q. What was your job there?

A. Well, I was quite diversified—

Q. Just tell me what it was generally, laborer, accountant, what were you?

A. Laborer, I guess.

Clearly, the record is lacking on the significant question of the purpose for which Employer requested that Claimant obtain the license and, therefore, whether Claimant's refusal to do so was in any way detrimental to Employer's interests. We must, therefore, remand this case to the Board for the taking of additional evidence and the making of findings necessary to a just determination of the claim. *Sturniolo v. Unemployment Compensation Board of Review,* 19 Pa. Commonwealth Ct. 475, 338 A.2d 794 (1975).

Accordingly, we

ORDER

AND Now, this 13th day of June, 1978, the decision of the Unemployment Compensation Board of Review is hereby vacated and the case is remanded to it for the purpose of taking additional testimony and the making of further findings of fact not inconsistent with this opinion.