Catherine C. Rodgers, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 4, 1978, before Judges CRUM-LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*Mark B. Frost,* with him *Mendel, Schwartz & Bock, Ltd.,* for petitioners.

*Daniel R. Schuckers,* Assistant Attorney General, with him *James Bradley,* Assistant Attorney General, and *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 23, 1979:

This is an appeal by Catherine C. Rodgers (claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law[1] (Law) for willful misconduct.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The claimant was employed by the City of Philadelphia as an executive secretary for eight years. Under the conditions of her employment, she was required to reside in the City of Philadelphia, and she resigned her employment on April 21, 1977 in lieu of being discharged for violating the residency requirement. The Board observed that

[w]hile the claimant was registered for voting purposes at her son's residence in Philadelphia, Pennsylvania, the municipal authorities determined that she spent a substantial portion of her time commuting from her permanent residence in Richboro, Pennsylvania.

The claimant insists before this Court that her legal residence was at her son's apartment in a duplex structure which she owned in the City of Philadelphia. In support of her position, she alleges that her bills were sent to this Philadelphia address, that taxes were paid by her incident to her ownership of the premises, and that she commuted to work daily from this address. It was only when a younger son became ill, she contends, that she moved temporarily to Richboro to take care of him. This issue, of course, is one of credibility, and it was within the Board's discretion to resolve it against the claimant. *See In Re: Claim of Wright*, 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976). It was properly decided here against the claimant.

The claimant suggests alternatively that she maintained two residences and that the one in Philadelphia satisfied the residency requirement for city employment. As we said, however, in *McCarthy v. Philadelphia Civil Service Commission*, 19 Pa. Commonwealth Ct. 383, 387, 339 A.2d 634, 636 (1975), *aff'd*, 424 U.S. 645 (1976): "It is well settled that a person can have more than one residence, but only one 'legal residence' or domicile." And in that case we held

that the Civil Service Commission had properly interpreted the very residency provision in issue here as requiring domicile within the city.[2]

The claimant next asserts that the burden is on the employer to show willful misconduct and that her employer, not represented at the hearing before the referee, did not meet this burden and that the Board had no basis on which to render a legal conclusion as to the claimant's residency. We cannot agree, however, because the claimant's own testimony clearly establishes the reason for and the circumstances leading to her dismissal, and that she therefore voluntarily carried the employer's burden. *See Devlin v. Piechoski,* 380 Pa. 146, 110 A.2d 241 (1955); *Pilchesky v. Unemployment Compensation Board of Review,* 29 Pa. Commonwealth Ct. 200, 370 A.2d 763 (1977).

Finally, the claimant questions whether or not her actions in this situation can be characterized as willful misconduct under Section 402(e) of the Law, 43 P.S. §802(e). While we agree with the claimant that a violation of civil service standards is not per se willful misconduct, we note that such a violation may be willful misconduct if it constitutes

> [a] wanton and willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard of expected standards of behavior, or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's inter-

---

[2] It is true, as the claimant points out, that the Board made no *specific* finding as to her legal residence, but we think such a finding is plainly implicit in finding number 4, quoted above, and in its discussion in which the following was said: "The record discloses that claimant was aware that a requirement of her employment was that she reside in the City of Philadelphia. Her failure to abide by this regulation was detrimental to the employer's best interests."

est or the employee's duties or obligations to the employer.

*Lytle v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 77, 80, 387 A.2d 962, 963 (1978).

Here, the claimant's own testimony established to the satisfaction of the adjudicating authorities that she maintained her actual residence outside of Philadelphia, and we are of the opinion that this conduct amounted to a deliberate violation of the employer's rule and was certainly inimical to the employer's interests.[3]

The order of the Board will therefore be affirmed.

Judge CRAIG dissents.

### ORDER

AND Now, this 23rd day of February, 1979, the order of the Unemployment Compensation Board of Review in the above-captioned case is hereby affirmed.

---

[3] The claimant also suggests that her maintenance of a Philadelphia address is evidence of her good faith; however, her actions are equally susceptible to the conclusion that she was attempting to establish a "paper residence" to deceive her employer.