Floella P. Russell, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 4, 1979, before Judges WILKINSON, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Robert L. O'Brien,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Gerald Gornish,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., July 2, 1979:

This is an appeal from a determination of the Unemployment Compensation Board of Review (Board) finding that claimant was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).[1] We affirm.

Claimant was last employed for one and one-half weeks as a tire builder trainee. Due to a leg ailment, claimant reported to her supervisor that she would be off sick on August 18 and 19, 1977 at which time she informed her supervisor that she intended to see a physician; claimant at this time also told her supervisor that her leg ailment was aggravated by her present job and requested work where she could sit. On her next scheduled day of work, Monday, August 22, claimant telephoned the employer's personnel office and requested that her paycheck be mailed to her. She did not, however, talk with her superviqsor or otherwise report off sick on that day or on August 23 or 24. The Board found that claimant was aware of the company

---

[1] The referee and Board in this case modified the determination of the Bureau of Employment Security which denied benefits pursuant to Section 402(b)(1) of the Law, 43 P.S. §802(b)(1). Since we affirm the Board's determination of willful misconduct, we need not consider claimant's argument relating to voluntary termination.

policy providing that employees who are absent three consecutive days without proper notice are subject to automatic discharge and that claimant was discharged for being absent without notice on August 22, 23 and 24.

Claimant first contends that the Board's findings are not supported by substantial evidence arguing that the telephone call to the employer's personnel office constituted sufficient notice to the employer of an absence, or alternatively that a remand is necessary for a specific finding as to the information relayed in this telephone call. We disagree. Claimant's own testimony at the hearing before the referee establishes that she telephoned the personnel office solely to inform the office to mail her paycheck to her; further, claimant admitted that when she made that call she should have also talked with her supervisor to report off sick. Although claimant further testified that she thought the telephone call to her supervisor on Friday, August 19, was notice to her supervisor that she would not be able to work until her condition improved or a different job was available to her, this testimony was contradicted by that of her supervisor who testified that claimant was instructed at that time to call in to report on her medical status on Monday, August 22. Further claimant testified without equivocation that she was aware of the employer's policy regarding unreported absences. Given such testimony we cannot conclude the Board lacked substantial evidence to find that the claimant was aware of this policy when she failed to report her absences to her supervisor.

Similarly, we find no merit in claimant's argument that the referee failed to render adequate assistance to her as required by the Board's regulations, see 34 Pa. Code §101.21(a), in failing to fully develop the evidence regarding this telephone call. The record does indicate that at one point the referee did interrupt the

claimant who was relating the substance of the August 22 telephone call to question claimant concerning her knowledge of the employer's rule regarding unreported absences. However, the record further shows that following this exchange claimant was asked twice by the referee whether she had any further testimony. Following the last question, claimant reiterated her position that she felt a third telephone call to her supervisor was unnecessary since the supervisor already knew of her illness. Thus, we find no failure on the part of the referee to allow the claimant to testify fully or to develop fully the facts relevant to the case.

Accordingly, we will enter the following

### ORDER

AND NOW, July 2, 1979, the order of the Unemployment Compensation Board of Review, Decision No. B-151620, dated December 13, 1977, is hereby affirmed.