May Fritzo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

270

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Jeffrey L. Greenwald,* for petitioner.

*Francine Ostrovsky,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MENCER, May 28, 1981:

This is an appeal by May Fritzo (claimant) from an order of the Unemployment Compensation Board of Review (Board). The Board found the claimant ineligible for benefits under the provisions of Section

402(e) of the Unemployment Compensation Law (Act), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). Additionally, the Board determined the claimant had received a nonfault overpayment of $48 which is subject to recoupment in accordance with the provisions of Section 804(b) of the Act, 43 P.S. §874(b).[1] We affirm.

The claimant was regularly employed as a box assembler by the Fredwill Manufacturing Co., Inc. (employer) for approximately 16 years. She was laid off, on August 3, 1979, due to lack of work, with the understanding she was obligated to resume her job on Monday, August 20, 1979. On or about August 16, 1979, the claimant announced to her floor lady she would not be at work during the week of August 20, 1979 because she had made plans to take a vacation. She did not report to work from August 20, 1979 through August 23, 1979.

The Board found, *inter alia,* that (1) the employer's policy mandates the dismissal of an employee absent for three consecutive days without notice, (2) the claimant was fully acquainted with this policy, and (3) the claimant never requested the employer's permission to be absent from work. On August 23, 1979, the employer discharged the claimant for a violation of the aforesaid policy.

On appeal, the claimant contends that (1) evidence in the record is inadequate to establish the

---

[1] The pertinent portion of Section 804(b) reads as follows:

Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under this act to which he was not entitled shall not be liable to repay such sum but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or the three-year-period immediately following such benefit year. . . .

existence of the absentee policy she allegedly violated and (2) if an applicable absentee policy was shown to exist, she complied with its general intent, thereby justifying her absence.

Our scope of review, in a case where the Board has held that the employer has met its burden of proving an employee's behavior constituted willful misconduct, is to determine whether or not there is substantial evidence to support the Board's findings of fact and that no error of law was committed. *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977).

Substantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. *Unemployment Compensation Board of Review v. Tumolo*, 25 Pa. Commonwealth Ct. 264, 269, 360 A.2d 763, 766 (1976). Findings of the Board supported by substantial evidence are binding upon this Court. *Katz v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 1, 3, 396 A.2d 480, 481 (1979).

Section 402(e) of the Act provides, in pertinent part, that an employee shall be ineligible for unemployment compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work. . . ." Willful misconduct has been defined as

(1) the wanton and wilful disregard of the employer's interest, (2) the deliberate violation of rules, (3) the disregard of standards of behavior which an employer can rightfully expect from his employee, or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations.

*Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 97, 309 A.2d 165, 168-69 (1973).

It is well established that an employee's knowing and willful violation of an absentee policy enunciated by his employer, union rules, or collective bargaining agreement constitutes willful misconduct. *Russell v. Unemployment Compensation Board of Review,* 44 Pa. Commonwealth Ct. 10, 402 A.2d 1149 (1979); *Roebuck v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 491, 494-95, 382 A.2d 482, 484 (1978). The burden is on the employer to prove that an employee seeking unemployment compensation benefits has rightfully been discharged for willful misconduct. That burden is discharged when the employer proves the existence of a reasonable absentee policy, the employee's knowledge thereof, and the employee's willful violation of the policy. Thereafter, the employee has the burden to establish good cause for disregarding the policy. *Holomshek v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 503, 505-06, 395 A.2d 708, 709 (1979).

There exists substantial evidence in the record of this case to support each of the Board's findings.

> (1) The absentee policy and the claimant's knowledge thereof established

One exhibit in the record is a dated ''Summary of Interview'' sheet signed by the claimant and utilized to evaluate her claim for benefits. On its reverse side, the sheet refers to (a) a union rule sanctioning the discharge of an employee who ''fails to report off from work for three consecutive working days without reasonable cause'' and (b) the claimant's knowledge of the rule.

The claimant contends the sheet is hearsay. It was, however, admitted into the record without objection. It is clear that hearsay admitted without objection will be given its natural and probative effect and may support a finding of the Board if it is corroborated by any competent evidence in the record. *Bracy v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 173, 175, 382 A.2d 1295, 1297 (1978). In *Unemployment Compensation Board of Review v. Ceja,* Pa. , 427 A.2d 631 (1981), this rule regarding unobjected to but corroborated hearsay evidence was evaluated and found wanting by one Justice of the Supreme Court of Pennsylvania, but, since two other Justices only concurred in the result reached in that case and three other Justices disagreed with the analysis of the single Justice, we do not understand the rule to be overruled.

At the referee's hearing, the claimant testified that the company policy or the labor-management agreement requires employees to report absences daily. The employer testified that the policy or agreement requires employees to report absences within three days. Although the burden of proving willful misconduct in an unemployment compensation case is upon the employer, a finding of willful misconduct may properly be made when the finding is supported solely by the claimant's testimony. *Rodgers v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 552, 555, 397 A.2d 1286, 1288 (1979). In the case at bar, the testimony of both the claimant and the employer corroborated the ''Summary of Interview'' sheet and proved the existence, and the claimant's knowledge, of the employer's absentee policy.

In discharging its burden of proof, the employer need not prove that the claimant intended any harm

to the employer's interests; a demonstration of the employee's conscious indifference to a duty owed the employer will suffice. *McCullough Unemployment Compensation Case,* 197 Pa. Superior Ct. 389, 392, 178 A.2d 813, 814 (1962). The employer need not prove that it suffered harm in the nature of financial loss or insufficient manpower because of the employee's actions. *McAlister v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 376, 378, 395 A.2d 660, 661 (1978). A prior warning is not a prerequisite to discharge for willful misconduct where an employee has been absent without notice in contravention of his employer's rules. *Pollard v. Unemployment Compensation Board of Review,* 33 Pa. Commonwealth Ct. 645, 650, 382 A.2d 791, 794 (1978). Moreover, even if an employee's prior record is good, a single act of absenteeism may constitute willful misconduct. *Powell v. Unemployment Compensation Board of Review,* 31 Pa. Commonwealth Ct. 512, 515, 377 A.2d 206, 207 (1977); *Beville v. Unemployment Compensation Board of Review,* 15 Pa. Commonwealth Ct. 371, 373, 327 A.2d 197, 198 (1974).

Substantial evidence in the record supports the Board's findings and establishes the existence of the employer's absentee policy and the claimant's knowledge of it. Both findings are binding upon this Court.

(2) The claimant's alleged compliance with the absentee policy not established

The claimant next contends her absence was justified because she received the tacit permission of her employer to be absent the week of August 20, 1979. The claimant argues her absence was justified because she followed her usual and accepted procedure of reporting to the floor lady who did not explicitly refuse the claimant permission to be absent. This argument is without merit.

The claimant was a regular employee who fully comprehended her obligation to report for work on a given date. She testified her usual practice was to "ask" the floor lady's permission to be absent. In this instance, the claimant deviated from that practice; the record discloses that, rather than requesting permission to be absent, she unilaterally proclaimed her intention to take a vacation the week of August 20, 1979. The claimant never received either the explicit or implicit permission of her employer to be absent. The floor lady said nothing a reasonable person could construe as permission to be absent. The employer's testimony before the referee reveals the claimant would not have been accorded permission to be absent had she requested it.

It is well established that violation of an employer's directive or absentee policy, without permission or good cause, constitutes willful misconduct. *McAlister v. Unemployment Compensation Board of Review,* supra, 39 Pa. Commonwealth Ct. at 378, 395 A.2d at 661. Moreover, a finding of willful misconduct may be sustained where an employee unjustifiably deviates from a continuing course of conduct shown to be his past practice for the reporting of absences. *Powell v. Unemployment Compensation Board of Review,* supra, 31 Pa. Commonwealth Ct. at 515-16, 377 A.2d 206, 207.

In the case at bar, the claimant never afforded her employer an opportunity to request that she postpone her plans or attempted to resolve the matter of her absence in any manner. "[T]he record clearly shows that she was asking for something which her employer had not yet approved and that she proceeded ahead with her plans despite the problem, hoping 'that it would all work itself out.'" *Lipshutz v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 180, 184, 334 A.2d 810, 811 (1975).

Substantial evidence in the record supports the Board's findings and demonstrates that the claimant never requested the employer's permission to be absent from work and thereby knowingly violated the employer's absentee policy.

Our affirmance of the Board and dismissal of the claimant's appeal is dispositive of the nonfault overpayment issue. In accordance with the provisions of Section 804(b) of the Act, $48 in benefits received by the claimant is subject to recoupment.

We therefore issue the following

ORDER

AND Now, this 28th day of May, 1981, the order of the Unemployment Compensation Board of Review, dated December 13, 1979, relative to the claim of May Fritzo, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.