Eddie El, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

58

Argued February 5, 1981, before Judges BLATT, MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Lettie D. Newkirk*, with her *Oscar N. Gaskins*, for petitioner.

*William J. Kennedy*, Assistant Attorney General, with him *Elsa D. Newman-Silverstine*, Assistant Attorney General, *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, July 24, 1981:

The claimant[1] appeals here from an order of the Board[2] which affirmed a referee's denial of benefits under Section 402(e) of the Pennsylvania Unemployment Compensation Law (Act)[3] because of willful misconduct.[4]

During his nearly six years of employment as a bus driver for the Southeastern Pennsylvania Transportation Authority, the claimant had received several warnings and two suspensions for violating the employer's rules, and, following supervisors' reports of three separate infractions during his last full week of work,[5] he was suspended pending discharge. The employer's representative (representative) then conducted two hearings at which the claimant, in the presence of his union delegates, was interviewed as to the reports, and his overall record was reviewed. He was then discharged.

---

[1] Eddie El.

[2] The Unemployment Compensation Board of Review.

[3] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[4] The Board also affirmed the existence of a fault overpayment in the amount of $294 under Section 804(a) which is not presently contested by the claimant.

[5] On April 25, 1979, the claimant cut short a bus route without authorization; on April 29, 1979, after disregarding a stop sign and a red traffic light, he displayed an uncivil attitude and refused to step off the bus to discuss the matter with an instructor; on April 30, 1979, he failed to call out any street names, ran two traffic lights and discharged passengers in the wrong lane.

At the hearing before the referee, the representative testified that the claimant had been discharged because of a generally substandard record culminating in the commission of the three dischargeable offenses. He further testified that he had not witnessed the three incidents and that his knowledge of them was based solely on the supervisors' reports and the claimant's responses to them. The claimant's attorney objected to the representative's testimony as hearsay. An interoffice memorandum of May 3, 1979, in which the representative had outlined the events leading up to the claimant's discharge was also received into evidence over the objections of the claimant's attorney. The referee and the Board denied benefits and this appeal followed.

Section 402(e) of the Act provides that an employee shall be ineligible for unemployment compensation benefits during any week in which "his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work" and whether or not the claimant's conduct rises to the level of willful misconduct is a question of law. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). For behavior to constitute willful misconduct it must evidence:

> [T]he wanton and willful disregard of an employer's interest, a deliberate violation of the employer's rules, a disregard of expected standards of behavior, or negligence manifesting culpability, wrongful intent, evil design or an intentional disregard of the employer's interest or the employee's duties or obligations to the employer.

*Lytle v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 77, 80, 387 A.2d 962, 963 (1978).

When the employer, who has the burden of proving willful misconduct, has prevailed below, our scope of review is limited to determining whether or not the board's findings of fact are supported by substantial evidence and whether or not an error of law was committed. The employer, having prevailed below, is therefore entitled here to the benefit of any inferences which can be reasonably and logically drawn from the evidence on the record. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

The claimant asserts that the employer failed to meet its burden inasmuch as its evidence was based solely on hearsay and was, therefore, incompetent to support a finding of the Board. And it is well established that: "[h]earsay evidence, *properly objected to*, is not competent evidence to support a finding of the Board" and "a finding of fact based *solely* on hearsay will not stand." (Emphasis in original). *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976). Here, however, we need not reach the hearsay question, for the claimant has "voluntarily carried the employer's burden." *Rodgers v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 552, 555, 397 A.2d 1286, 1288 (1979). The claimant himself testified that upon leaving the depot on April 25, 1981, instead of commencing his route at the Navy Yard which was his scheduled beginning point, he cut short his trip and started his return from 20th and Johnson Streets, the point at which he was scheduled to be at the time indicated on his watch, which was set fifteen minutes ahead of time. He stated that the supervisor had told him to go to the latter location. The representative testified that cutting without orders is a dischargeable offense and that in its training sessions the company stresses its requirement that all

operators check their watches against the company clock upon arriving at the depot.

Although the burden of proving willful misconduct is upon the employer, a finding of willful misconduct may properly be made when the finding is supported solely by the claimant's testimony. *Rodgers v. Unemployment Compensation Board of Review, supra.* And by his own testimony, the claimant admitted here that he had cut short his route. Although he also testified that he did not realize that his watch was fast, an obvious violation of the employer's rule, and he offered other exonerating testimony, the referee and the Board, in the exercise of their discretion, did not find his explanation of the admitted infraction to be credible. And, of course, credibility of witnesses and the weight to be accorded their testimony is for the referee and the Board to determine; they are even free to reject uncontradicted testimony. *Caterina v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 19, 401 A.2d 852 (1979).

We believe that the claimant's admission that he committed a dischargeable offense was sufficient to support the Board's finding of willful misconduct.

### Order

And Now, this 24th day of July, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.

Judge Wilkinson, Jr. did not participate in the decision in this case.