Garth Devlin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1982, to President Judge CRUMLISH, JR. and Judges MACPHAIL and DOYLE, sitting as a panel of three.

*Michael McGinley,* for petitioner.

*Joel G. Cavicchia,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, January 27, 1983:

Garth Devlin (Claimant) appeals here from a decision of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying him benefits and held that Claimant's intentional refusal to follow his Employer's[1] safety rule, as to the proper method of notching and felling trees near high voltage power lines, constituted willful misconduct under the provisions of Section 402(e) of the Unemployment Compensation Law.[2]

The sole issue raised in this appeal is whether the Board erred in its determination that the Employer met its burden of proving willful misconduct[3] when the Employer was absent from the hearing and failed to present testimony in its behalf. We find that the Board did not err in its disposition of the instant case and affirm its order.

"Although the burden of proving willful misconduct in an unemployment compensation case is upon the employer, a finding of willful misconduct may properly be made when the finding is supported solely by the Claimant's testimony." *Fritzo v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 268, 274, 429 A.2d 1215, 1219 (1981); *Rodgers v. Unemployment Compensation Board of*

---

[1] Jaflo Tree Service.

[2] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[3] *American Process Lettering, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980).

*Review,* 40 Pa. Commonwealth Ct. 552, 555, 397 A.2d 1286, 1288 (1979). In the case presently before us the Claimant testified that he understood that his Employer wanted the trees notched in a certain way and further stated that he was instructed by the Employer about how to notch and fell the trees near the power lines. Despite these instructions, Claimant felled the trees his own way once his supervisor left the work area. Clearly this testimony in and of itself substantially supports the Board's finding. Claimant by his own testimony voluntarily carried the Employer's burden. *El v. Unemployment Compensation Board of Review,* 61 Pa. Commonwealth Ct. 57, 61, 432 A.2d 651, 653 (1981); *Rodgers,* 40 Pa. Commonwealth Ct. at 555, 397 A.2d at 1288.

It is well settled that a deliberate refusal to comply with an employer's rule ordinarily constitutes willful misconduct. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1972). A violation of an employer's rule, however, is not willful misconduct if the evidence shows that the Claimant's action was justifiable and reasonable in light of all circumstances involved, and thus was taken with good cause. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). After reviewing the record, we are satisfied that the Claimant failed to show good cause[4] for refusing to comply with his Employer's rules concerning the felling of trees. The Board's findings, being supported by substantial evidence, are deemed conclusive upon this Court.[5] Being bound by these

---

[4] Claimant contends his method of felling trees is safer than the Employer's method.

[5] *Patrick v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979).

420

findings and having found no errors of law in the present case, we are compelled to affirm.

ORDER

It is ordered that the Order of the Unemployment Compensation Board of Review, numbered B-199799 and dated September 28, 1981, is hereby affirmed.