Shirley L. Louk, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 7, 1982, to Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

L. *Edward Glass, Glass, Glass and Dugas,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., February 9, 1983:

Shirley L. Louk (claimant), appeals from an order of the Unemployment Compensation Board of Review (Board) denying him benefits for willful misconduct under Section 402(e) of the Unemployment Compensation Law (Law).[1]

The claimant was employed by the Pennsylvania Department of Transportation (employer) as an equipment operator. On December 15, 1981, the claimant and two other persons were arrested at the employer's premises for attempting to steal gasoline from one of the employer's trucks. Consequently, he was discharged on December 26, 1979.

The claimant applied for unemployment benefits which were denied by a referee and by the Board.[2] The claimant appeals to this Court alleging that the referee's findings were based solely upon inadmissable hearsay and that the dismissal of criminal charges

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

[2] The Board granted two reconsiderations and denied benefits both times.

against him should establish that his alleged conduct does not render him ineligible for benefits.

It is well established, that hearsay admitted without objection will be given its natural and probative effect and may support a finding of the Board if it is corroborated by any competent evidence in the record. *Fritzo v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 268, 429 A.2d 1215 (1981). In the instant case, we must dismiss the claimant's contention that the Board's finding of willful misconduct is based solely upon inadmissable hearsay. Upon a review of the record, we conclude that the testimony of the arresting officer (EW in excerpt below), constitutes both corroborating[3] evidence for any hearsay that might have been admitted and competent evidence by itself upon which the Board could have based its finding of willful misconduct.

QR: *You tell me exactly what you witnessed and what you saw?*

AEW: Certainly. I was on routine patrol, in civilian clothes as I am dressed now. I routinely check the cinder pile at Shellsburg because of previous incidents that have occurred there, as well as other cinder piles. I routinely checked this cinder pile that evening. As I proceeded up the driveway, the cinders are greyed, I, my headlights struck the vehicles that were parked up there. I observed Mr. Louk running from a PennDot truck, Chevy truck, equipment number 359-4081, Pennsylvania registration, PA 37 316. He ran from this vehicle to a parked pick-up truck. I observed in the bed of the pick-up truck a large gas cans [sic], and two

---

[3] For a discussion as to what constitutes corroborating evidence, *see Socash v. Unemployment Compensation Board of Review*, 69 Pa. Commonwealth Ct. 516, A.2d (No. 489 C.D. 1981, filed November 3, 1982).

siphon hoses. I observed next to the gas can of the PennDot truck, a very large gas can, that had been turned on its side with the strong smell of gasoline on the ground. I apprehended Mr. Louk and advised him of his rights. he immediately made a couple (inaudible) of statements, one of which was please don't do this to me, it will cost me my job. Please give me a break and things like this....[4]

As to the claimant's second contention, this must be dismissed as well. An acquittal of criminal charges arising out of an employe's behavior does not answer the question whether that behavior constitutes willful misconduct rendering him ineligible for unemployment benefits. *Food Fair Stores v. Unemployment Compensation Board of Review*, 11 Pa. Commonwealth Ct. 535, 314 A.2d 528 (1974). Rather, willful misconduct under Section 402(e) is established where an employe's behavior constitutes a wanton and wilful disregard of the employer's interests or the deliberate violation of the employer's rules or the disregard of the standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Without question, the claimant's

---

[4] The statements made by the claimant to the arresting officer constitute admissions against interest and are clearly admissable as exceptions to the hearsay rule. An admission is a voluntary acknowledgment made by a party of the existence of the truth of facts which are inconsistent with his claim in an action. As such, admissions possess high evidentiary value and are received on the theory that one would not say anything against his own interest unless it was true. *See* 14 P.L.E. §151 (1959).

attempted theft of his employer's property constitutes willful misconduct under the law.

For the foregoing reasons, the order of the Board denying benefits is hereby affirmed.

ORDER

AND Now, this 9th day of February, 1983, the Unemployment Compensation Board of Review's order, dated October 22, 1980, No. B-183052-D, denying benefits to Shirley L. Louk is hereby affirmed.