504 A.2d 420

Donald L. Vought, Jr., Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 14, 1985, to Judges MacPhail, Doyle and Barbieri, sitting as a panel of three.

*Lenore M. Urbano,* with her, *Paul Porell* and *Danna Rich-Collins,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

Opinion by Judge Doyle, February 10, 1986:

Donald L. Vought, Jr. (Claimant) appeals from a decision of the Unemployment Compensation Board of Review (Board) which denied Claimant unemployment compensation benefits on the basis of Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. 2897 (1937), *as amended,* 43 P.S. §802(e) (willful misconduct).

Claimant was last employed as a baker's helper by Stroehmann Brothers (Employer) for three and a half years. On May 10, 1984, Claimant was suspended after he was observed by a supervisor changing the

timer switch on an oven, something he had no permission or authority to do. This incident led to his dismissal two days later. Employer based the dismissal on its conclusion that Claimant's conduct amounted to violation of a Group III Company rule (or a "major offense"), viz., "deliberately delaying or restricting work output or inciting others to do so." The penalty for a major offense was immediate dismissal.

Where a claim of willful misconduct is based upon violation of company rules or policies, the employer has the burden to prove: 1) the existence of a reasonable rule or policy, 2) that the employee knew of the rule or policy, and 3) that the employee willfully violated the rule or policy. *Fritzo v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 268, 429 A.2d 1215 (1981). In the instant case, the necessity of proving willfulness is doubly crucial since the rule allegedly violated required *deliberate* behavior.

In this regard, the Board made the following finding of fact: "Claimant believed he was increasing the baking time for muffins so as to prevent their burning or being overdone. In fact, the result was just the opposite." We interpret this finding to mean that Claimant did intend to slow down production (by increasing baking time), and that his intent to keep the muffins from burning was thwarted because they actually burned or overcooked.

There is no support for any of this in the record. The Claimant testified as follows:

Referee: What actually did you—were you changing? The timer?

Claimant: The speed, the time controls.

Referee: You were changing it so that these muffins would be in the oven for a shorter period of time?

> Claimant: Right. They'd come out quicker. .
> Referee: What was your reason for that? You were afraid they were going to burn?
> Claimant: Burn, yes. I've been back there for two years. I know, you know, more or less, how to deal with it and I've done it before. Let me say, I've always done it. I've even—the oven operators even told me to do it whenever they'd walk away from the oven because I was the only one standing back there. . . .

Employer did not refute Claimant's testimony regarding the intent. There is some conflict in Employer's own testimony regarding whether or not any time change actually was made, and if so, what its effect might have been. There is no testimony that the work product was harmed. We note, in addition, that Claimant's testimony indicates that even though he *was* aware that changing over controls was not literally within his job description, he may have been justified in believing that he was within the bounds of his authority in doing so, as such conduct had been tolerated and even encouraged in the past. Employer did not refute this testimony either.

For these reasons, we believe Employer failed to meet his burden of proving willful misconduct in this instance, *i.e.*, an instance where a violation of a Group III company rule, or major offense, is the alleged violation and deliberate intent is a necessary ingredient of such violation. In reaching this result, we do not mean to imply that Claimant did not commit an infraction of company rules. There were other rules he may have violated, such as the Group I rule (or a "minor offense") of "unsatisfactory work performance." Violation of a Group I rule, however, does not carry a penalty of dismissal until the fifth offense. Verbal and written warnings and suspensions of two and five days are warranted first.

110

We will reverse the Board.

ORDER

Now, February 10, 1986, the decision of the Unemployment Compensation Board of Review, No. B-233852, dated August 28, 1984, is hereby reversed.