# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Courtney Hubbard,              :
             Petitioner      :
             :
         v.              :    No. 592 C.D. 2020
             :    Submitted: February 9, 2021
Unemployment Compensation    :
Board of Review,              :
             Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge (P.)
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**           **FILED: March 3, 2021**

Courtney Hubbard (Claimant) petitions for review of the Order of the Unemployment Compensation (UC) Board of Review (Board) affirming the Decision of the Referee, finding Claimant to be ineligible for benefits pursuant to Section 402(e.1) of the UC Law (Law), 43 P.S. § 802(e.1),[1] which provides that the "failure to submit and/or pass a drug test conducted pursuant to an established substance abuse policy" precludes a claimant from eligibility for UC benefits. On appeal, Claimant argues that George Junior Republic (Employer) failed to meet its burden of establishing the existence of an "established substance abuse policy," as Employer neither appeared at the hearing nor submitted evidence in advance thereof.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 3 of the Act of December 9, 2002, P.L. 1330.

Therefore, Claimant asserts the Board committed an error of law in concluding that Claimant was ineligible for benefits under Section 402(e.1). Upon review, we affirm.

## I. Background

Claimant worked for Employer as a full-time clinical manager from October 6, 2014, until January 6, 2020, at which time he was terminated for allegedly refusing to submit to drug testing. (Referee's Decision, Findings of Fact (FOF) ¶¶ 1, 10.) Claimant then applied for benefits online, in which he admitted that he was discharged for failing to submit to a drug test. (Certified Record (C.R.) at CR 008-09.) In his application, Claimant was asked whether "[E]mployer ha[d] an established substance abuse policy," whether Claimant "violate[d] the substance abuse policy," and whether the policy "require[d] a suspension or discharge," all of which Claimant answered in the affirmative. (*Id.* at 9.) Employer did not return the Employer Questionnaire that it was sent requesting more information related to Claimant's discharge. (*Id*. at 12-14.) A representative of the UC Service Center (Service Center) conducted two telephone interviews with Claimant. In the first Record of Oral Interview, Claimant admitted that he told the head of Employer's Human Resources Department (HR Manager) that he "had smoked mari[juana] with friends." (*Id*. at 16.) Because Claimant had indicated on his application for benefits that **Employer** had violated the substance abuse policy, the representative asked Claimant to clarify this response. (*Id*.) Claimant explained that Employer "did [not] violate the substance abuse policy" and asserted that after his initial urinalysis tests were "not accurate" due to "possible temperature issue[s]," he decided to go to the HR Manager to inform him that another test "would come back positive for

2

mari[juana]." (*Id*.) Additionally, in the second Record of Oral Interview, Claimant again "admitted that [he] used the marijuana." (*Id*. at 27.)

The Service Center subsequently determined that Claimant was ineligible for benefits under Section 402(e.1). Claimant, proceeding pro se, appealed the Service Center's determination, and a hearing before the Referee was held on March 9, 2020. Employer did not appear at the hearing or submit any documents. Claimant appeared unrepresented and testified at the hearing as follows. Claimant admitted that he "did go out and . . . smoke[] a marijuana joint." (C.R. at 61.) When asked why Claimant told Employer about the marijuana joint, Claimant explained that he "wanted to be honest with [Employer]." (*Id*. at 65.) When asked why Employer had asked him to take a drug test, Claimant stated that he had been charged with driving under the influence (DUI), that this DUI was "in the paper," and that "once it hits the paper," it was "a mandatory thing. Once it hits the paper, you submit." (*Id*. at 67-68.) The Referee asked for clarification as to whether Claimant meant that Claimant had to submit "[t]o a drug test," and Claimant responded, "[y]es. Submit urinalysis." (*Id* at 68.) Claimant testified that the HR Manager informed him that he would need to submit to another urinalysis after the first two tests were inconclusive and that if he was "not going to submit again . . . that [the HR Manager was] going to have to terminate [him]." (*Id*. at 70-71.)

Following the hearing, the Referee affirmed the Service Center's determination, finding Claimant ineligible for UC benefits under Section 402(e.1). The Referee made the following findings. Claimant went to a non-work, family function and consumed marijuana, for which he did not have a prescription, in December 2019. That same month, Claimant also was charged with DUI. Claimant reported the charge to Employer, and Employer asked Claimant to submit to a drug

test. On January 6, 2020, Claimant produced two urine samples for testing at Employer's request. Because the results of these two samples came back as inconclusive, Claimant was asked to provide another sample. Instead, Claimant asked to speak to the HR Manager. The HR Manager informed Claimant that "if he did not submit further urine samples for testing[,] then he would be terminated." (FOF ¶ 9.) Claimant then admitted to the HR Manager that the test would show that there was marijuana in his system, that he was voluntarily submitting himself to a rehabilitation program, and that he wanted to reapply for his position after the program's completion. Employer discharged Claimant for failure to submit further testing samples.

In the reasoning section of the Referee's Decision, the Referee explained that

> Pennsylvania [c]ourts have held that introducing drug test results into evidence is not the sole means by which an employer can demonstrate a claimant violated a substance abuse policy when considering an unemployment claim. Violation of an employer's substance abuse policy also can be established by a claimant's own admission that he or she violated the policy.

(Referee's Decision at 3.) The Referee further added that "Pennsylvania [c]ourts have consistently held that a party admission is not hearsay and in proceedings before the Board, an oral or written statement constituting a party admission may be relied upon by the Board." (*Id*.) The Referee found that Claimant admitted to "refus[ing] to provide further urine samples for testing even though he was aware he could be discharged for such." (*Id.*) Accordingly, the Referee held that Claimant was ineligible for benefits under Section 402(e.1).

Claimant appealed the Referee's Decision to the Board, arguing that the Referee's finding of fact which stated that Claimant was charged with a DUI was incorrect, as he was actually charged with disorderly conduct. (Attachment to

4

Petition for Appeal, C.R. at 89.) The Board adopted and incorporated the Referee's findings and conclusions and affirmed the Referee's Decision. Claimant now petitions this Court for review.[2]

## II. Parties' Arguments

In his pro se Petition for Review (Petition), Claimant alleges that the Board's finding[3] stating that he was smoking marijuana and charged with a DUI was in error, as he "was not smoking any controlled substance" and no "controlled substances [were] in [his] system at the time of [his] discharge." (Petition for Review (Pet.) at 2.) In his brief, Claimant, now represented by counsel, does not address that issue. Instead, Claimant argues that Employer failed to carry its burden by not providing "substantial evidence that [] Employer had an established substance abuse policy, the terms and provisions of that policy, and whether the drug/alcohol test requested or implemented was not in violation of the law or an existing labor agreement." (Claimant's Brief (Br.) at 7.) Relying on *Moore v. Unemployment Compensation Board of Review*, 578 A.2d 606 (Pa. 1990), Claimant argues that his testimony regarding any policy and his violation thereof cannot be used to corroborate the

___

[2] "The Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed or whether the findings of fact are supported by substantial evidence in the record." *W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Rev.*, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 2006). The Board is the ultimate factfinder and is entitled to make its own determinations as to witness credibility and evidentiary weight. *Peak v. Unemployment Comp. Bd. of Rev.*, 501 A.2d 1383, 1388 (Pa. 1985). Accordingly, this Court will not disturb those findings where supported by substantial evidence, and the prevailing party below is entitled to the benefit of all reasonable inferences drawn from the evidence. *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Rev.*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008).

[3] Claimant refers to the Referee's Decision. However, in UC matters, the Board is the factfinder, and it is the Board's Order that we review. Accordingly, we will refer to the Board's Order, which adopted and incorporated the Referee's findings and conclusions.

5

existence of the policy because of Employer's failure to submit evidence of an established substance abuse policy and its failure to attend the hearing and provide such evidence. (Claimant's Br. at 10-12.) Accordingly, Claimant asserts that the Board's Order was not supported by substantial evidence because the transcript from the Referee's hearing "simply makes no mention or even a passing allusion to the existence of an actual written, established substance abuse policy." (*Id*. at 13.)

In a footnote, the Board responds that Claimant did not raise the issues he now argues in his brief in his appeal before the Board, and, therefore, these issues are waived. (Board's Br. at 7 n.3.) On the merits of Claimant's arguments, the Board asserts that an employer "need only show that it has a drug policy that allows it to test," and that "[t]he record is replete with evidence that Employer had a policy permitting it to drug test Claimant." (*Id*. at 7.) The Board points to Claimant's admissions in his application for benefits that Employer had an established substance abuse policy, that he violated the policy, and that the policy called for suspension or discharge from employment. (*Id*. at 7-8.) The Board further submits that Claimant's admissions at the hearing that his DUI was being reported in the paper and that he was aware that it was mandatory to submit to a drug test also prove the existence of a policy. Additionally, the Board argues that *Moore* actually provides that a claimant's testimony and admissions can both independently establish the existence of a policy **or** provide sufficient corroboration of the employer's hearsay evidence regarding the policy. (*Id*. at 9.) And, therefore, because "Claimant here conceded (1) the existence of the policy; (2) that it called for discharge from employment when violated; and (3) that his illegal drug use was violative of the policy," these "admissions alone were sufficient to carry Employer's burden of proof." (*Id*.) While an employer "bears the burden of proving willful misconduct, a finding of willful

6

misconduct can be based **solely upon the claimant's testimony**, if sufficient." (*Id.* at 9-10 (citing *Kelly v. Unemployment Comp. Bd. of Rev.*, 747 A.2d 436 (Pa. Cmwlth. 2000) (emphasis in original)).) Because Claimant's testimony satisfied Employer's burden, the Board argues that Employer did not need to provide additional documentary evidence. Finally, the Board argues that Claimant admitted that he refused to submit to a third urinalysis test, thereby precluding benefits under 402(e.1). (*Id.* at 12-13.)

### III. Discussion

The Board argues that Claimant did not raise the question of whether Employer failed to carry its burden by proving the existence of the drug policy in his administrative appeal and, therefore, that issue is waived. In reviewing decisions of the Board, "[o]nly questions raised before the [Board] shall be heard or considered." Pennsylvania Rule of Appellate Procedure 1551(a), Pa.R.A.P. 1551(a). However, Pennsylvania Rule of Appellate Procedure 1551(a) does permit an exception to this rule for

> (1) [q]uestions involving the validity of a statute.
>
> (2) [q]uestions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> (3) [q]uestions that the court is satisfied the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be raised, it shall remand the record to the government unit for further consideration of the additional question.

*Id.* As such, unless an exception applies, issues not raised before the Board have not been preserved for appellate review and are deemed waived. *Chapman v.*

7

*Unemployment Comp. Bd. of Rev.*, 20 A.3d 603, 611 (Pa. Cmwlth. 2011); *Jimoh v. Unemployment Comp. Bd. of Rev.*, 902 A.2d 608, 611 (Pa. Cmwlth. 2006).

In Claimant's appeal to the Board, the only issue that Claimant raised was an error in the finding of fact stating that Claimant "was charged with [DUI] and he reported the charge to [] [E]mployer." (FOF ¶ 5.) Claimant did not raise the issue regarding Employer's failure to carry its burden by proving the existence of an established drug policy before the Board. Because this issue is not one attacking the validity of a statute, the jurisdiction of the Board over the issue, or one that could not by the exercise of due diligence have been raised before the Board, we must find that Claimant has waived this issue.

The sole remaining issue raised in Claimant's Petition is that the Referee's finding of fact with regard to Claimant's DUI was in error.[4] Claimant does not address this issue in his brief. "[A]n issue raised in a Petition for Review but not argued in the claimant's brief is waived." *Chene v. Workmen's Comp. Appeal Bd. (Giant Eagle, Inc.)*, 632 A.2d 1058, 1060 (Pa. Cmwlth. 1993) (citing *Tyler v. Unemployment Comp. Bd. of Rev.*, 591 A.2d 1164 (Pa. Cmwlth. 1991)). Accordingly, this issue is also waived.[5]

---

[4] Claimant also argues that he "was not smoking any controlled substance nor [did he] ha[ve] any controlled substances in [his] system at the time of [his] discharge." (Pet. at 1.) These arguments were not raised before the Board in Claimant's administrative appeal and, therefore, are also deemed waived.

[5] Even if this issue was not waived, the Board's decision was supported by substantial evidence. It is well-settled that this Court is "bound by findings of fact that are supported by substantial evidence . . . ." *Pedersen v. Unemployment Comp. Bd. of Rev.*, 459 A.2d 869, 872 (Pa. Cmwlth. 1983). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Peak*, 501 A.2d at 1387 (quoting *Murphy v. Dep't of Pub. Welfare*, 480 A.2d 382, 386 (Pa. Cmwlth. 1984)). A party's admission has been upheld on multiple instances as constituting substantial evidence to support a Board determination. **(Footnote continued on next page…)**

Even if Claimant had not waived the question of whether Employer failed to carry its burden by proving the existence of the drug policy, it would not change the outcome. Section 402(e.1) provides that an employee shall be ineligible for compensation for any week

> [i]n which his unemployment is due to discharge or temporary suspension from work due to a failure to submit and/or pass a drug test conducted pursuant to an employer's established substance abuse policy, provided that the drug test is not requested or implemented in violation of the law or of a collective bargaining agreement.

43 P.S. § 802(e.1). "Under the plain meaning of Section 402(e.1) of the Law, an employer's established substance abuse policy only needs to set forth when an employee may be required to submit to a drug test." *Architectural Testing, Inc. v. Unemployment Comp. Bd. of Rev.*, 940 A.2d 1277, 1280 (Pa. Cmwlth. 2008). In order to carry its burden under Section 402(e.1), "the Law requires an employer to demonstrate that it had adopted a substance abuse policy that was violated by the employee . . . ." *UGI Utils., Inc. v. Unemployment Comp. Bd. of Rev.*, 851 A.2d 240, 252 (Pa. Cmwlth. 2004). The burden then shifts to the claimant to show that the policy is contrary to the law or a collective bargaining agreement. *Id.*

It is well-settled that even where an employer fails to appear at the hearing, benefits still "may be denied if the employee seeking benefits proves the employer's

---

*See, e.g.*, *Dillon v. Unemployment Comp. Bd. of Rev.*, 68 A.3d 1054 (Pa. Cmwlth. 2013); *Greer v. Unemployment Comp. Bd. of Rev.*, 4 A.3d 733 (Pa. Cmwlth. 2010).

In the present case, the Referee's finding of fact challenged by Claimant in his Petition stems from Claimant's own admissions at the hearing. When asked why Employer requested Claimant to take a drug test, Claimant stated that it was because "[he] had caught a DUI." (C.R. at 67.) Claimant explained that his DUI was "in the paper," and that "[o]nce it hits the paper," it was "a mandatory thing" to "[s]ubmit [to] urinalysis." (*Id.* at 68.) Accordingly, the finding of fact was supported by substantial evidence given Claimant's explicit admission that Employer's request for him to submit to a drug test resulted from his DUI charge.

9

case." *Moore*, 578 A.2d at 608-09 (citing *Devlin v. Unemployment Comp. Bd. of Rev.*, 454 A.2d 1189 (Pa. 1983)). In *Moore*, the petitioner argued that the employer failed to prove the existence of the policy at issue. The employer there did not appear at the hearing but did provide documents as to the policy and its terms in advance of the hearing. The claimant argued that these documents were hearsay and incapable of supporting a factual finding as to the existence of the policy. We explained that, where a claimant does not object to the documents' introduction, it is possible for the claimant to "provide[] sufficient corroboration to allow the hearsay evidence to constitute substantial evidence, capable of supporting the referee's [] factual finding[s]." *Id*. at 609. However, we also stated that it was likewise possible for the claimant to "establish[] the existence of the policy **by [the claimant's] own testimony** . . . ." *Id*. (emphasis added). Because the claimant in *Moore* "testified that after he initially refused to take the test, he was told by his superiors that he would be discharged if he didn't submit to testing," this Court found that "substantial evidence existed to prove that the employer had a drug testing policy which provided for immediate dismissal upon refusal to submit a test." *Id*. Thus, while an employer can carry its burden through hearsay corroborated by the claimant's testimony, that burden may also be carried independently by the claimant solely through the claimant's own testimony.

A claimant's "admissions [] constitute independent evidence of themselves and are therefore capable of independently providing competent evidence to support the findings of the Board." *Unemployment Comp. Bd. of Rev. v. Houp*, 340 A.2d 588, 591 (Pa. 1975). "[W]ords of a party constitute an admission and therefore may always be used against him." *Stugart v. Unemployment Comp. Bd. of Rev.*, 85 A.3d 606, 608 (Pa. Cmwlth. 2014) (quoting *Evans v. Unemployment Comp. Bd. of Rev.*,

10

484 A.2d 822, 827 (Pa. Cmwlth. 1984)). We have held that out-of-court statements by a claimant on his submissions, such as the "claimant questionnaire" and the "internet claim form," constitute party admissions that are admissible as an exception to the hearsay rule. *Havrilchak v. Unemployment Comp. Bd. of Rev.*, 133 A.3d 800, 804 n.3 (Pa. Cmwlth. 2015) (citing *Stugart*, 85 A.3d at 606); *see also Greer v. Unemployment Comp. Bd. of Rev.*, 4 A.3d 733, 739 (Pa. Cmwlth. 2010). In *Greer*, we determined that the "[v]iolation of an employer's substance abuse policy [] can be established by a claimant's own admission that he or she violated the policy" where the claimant admitted such in his questionnaire. 4 A.3d at 737. In summary, an employer's burden under Section 402(e.1)—to establish the existence of an established drug policy and that the claimant either refused to submit or failed a required drug test—may be met solely by a claimant's admissions, whether those admissions occur in submissions to the Board or at the hearing before the Referee.

While Employer did not attend the hearing to provide such evidence or submit any documentation as to the existence of a policy, Claimant's statements in his application for benefits and during his testimony before the Referee constitute admissions that may be used against him. *Havrilchak*, 133 A.3d at 804 n.3; *Stugart*, 85 A.3d at 606. In his application for benefits, Claimant admitted that "[E]mployer ha[d] an established substance abuse policy," that Claimant "violate[d] the substance abuse policy," and that the policy "require[d] a suspension or discharge." (C.R. at 9.) Just as the claimant in *Greer* proved that he violated the policy through his responses to the questionnaire, Claimant here established the existence of the policy in his answers to the questionnaire. Furthermore, at the hearing, when the Referee asked Claimant why Employer requested Claimant submit to a drug test, Claimant explained that his DUI was "in the paper," and that "once it hits the paper," it was

11

"a mandatory thing. Once it hits the paper, you submit . . . Submit urinalysis." (*Id.* at 68.) Claimant further stated that the HR Manager informed him that if he was "not going to submit again . . . that [the HR Manager was] going to have to terminate [him]." (*Id.* at 70-71.)

Similar to the claimant in *Moore* who provided corroborating testimony as to the existence of the employer's drug policy, Claimant's admissions here constitute competent, independent evidence that "establish[] the existence of the policy by his own testimony . . . ." 578 A.2d at 609. Accordingly, even if it had not been waived, we would hold that the Board's findings are supported by substantial evidence and that those findings support the legal conclusion Claimant admitted to the existence of Employer's established drug policy, thus carrying Employer's burden under Section 402(e.1).

## IV.  Conclusion

Based on the foregoing, we affirm the Board's Order finding Claimant ineligible for benefits.

_____
**RENÉE COHN JUBELIRER,** Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Courtney Hubbard,               :
           Petitioner     :
                           :
        v.                :    No. 592 C.D. 2020
                           :
Unemployment Compensation    :
Board of Review,              :
           Respondent    :

## O R D E R

**NOW**, March 3, 2021, the Order of the Unemployment Compensation Board of Review is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** Judge